NO. 07-02-0271-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 28, 2003

_____

CECIL WARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B2767-0108; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J.[1]

**ABATEMENT AND REMAND**

On April 4, 2002, appellant Cecil Ward was convicted of murder with the use of a

deadly weapon. His punishment was assessed by the jury at life imprisonment in the

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

Institutional Division of the Department of Criminal Justice. Appellant timely filed his appeal and the clerk's record was filed in this court on August 6, 2002. The court reporter has been granted four extensions of time within which to file the reporter's record, with the last extension being granted until December 13, 2002. However, we have never received the reporter's record. In his last motion seeking an extension of time, the court reporter certified that appellant had made the required payment and the written designation of record.

This state of the record requires us to remand the case to the 242nd District Court of Castro County to conduct hearings as mandated by Texas Rules of Appellate Procedure 37.3(2) and 38.8.

Upon remand, the judge of the trial court shall immediately cause proper notice to be given and conduct a hearing to determine:

1. whether appellant desires to prosecute the appeal, and if so,

2. why appellant has been deprived of a reporter's record,

3. if any other orders are necessary to ensure the diligent and prompt pursuit of appellant's appeal.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental

reporter's record.  These supplemental records shall be submitted to this court not later than February 28, 2003.

It is so ordered.

Per Curiam

Do not publish.